UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

    v.                                                          CR NO.  06-367(RLC/JMF)

**ALONZO N. MCDUFFIE,**

    **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. The grand jury has indicted the defendant for possession of a firearm by a felon and possession of a controlled substance, phencyclidine.

2. The government has represented to me that its evidence will show that certain police officers saw the defendant with a gun in his hand and followed him into a nearby building where other officers found a gun and the phencyclidine under a door mat.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to a recent amendment to the Bail Reform Act that permits a defendant charged with possession of a firearm by a felon to be detained.

### Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

### Analysis

An analysis of these factors compels the conclusion that the defendant should be

detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** As noted, Congress has now made the weapon offense charged in this case a detainable offense.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant resides with his brother in Washington, D.C., and is unemployed.

**The weight of the evidence**. Certain police officers saw the defendant with a gun in his hand. Other officers found the gun in the building the defendant had just entered and the first set of officers then identified the defendant as the man they saw with the gun moments earlier.

**History relating to drug or alcohol abuse**. The defendant tested positive for phencyclidine.

**Record concerning appearance at court proceedings and prior criminal record** and **whether on probation or parole at the time of the present offense.** The significance of the defendant's criminal record for the detention decision can best be illustrated by the following chart.

| Arrest date | Crime | Sentence | Disposition date |
|---|---|---|---|
| 12/31/97 | Attempted UUV | 6 months | 12/31/98 |
| 11/17/98 | Attempted criminal possession of a weapon without a license | 150 days | 3/15/99 |

| 8/14/99 | Possession with intent to distribute cocaine | One to three years; released on parole on 8/30/02; arrested for parole violation on 9/30/03; parole revoked and defendant incarcerated | 3/29/01 |
|---------|---------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------|---------|
| 11/06/99 | Domestic assault and violation of civil protective order | Six months and sixty days | 3/29/01 |
| 7/7/00 | Bail Reform Act violation | 90 days | 3/29/01 |
| 12/11/00 | Bail Reform Act violation | 90 days | 3/29/01 |
| 3/25/06 | Possession of controlled substance, cocaine, as a misdemeanor | 120 days suspended and defendant placed on probation; probation revoked on 8/24/06 and defendant sentenced to 30 days | 5/03/06 |
| 6/28/06 | Assault | 60 days | 9/26/06 |

First, the defendant already been convicted of violating the Bail Reform Act twice and has also had both his probation and parole revoked. That means that he has been on some form of judicial supervision on at least four occasions and failed to comply with the conditions of that supervision on each occasion. See United States v. Battle, 59 F. Supp. 2d 17 (D.D.C. 1999) (best criterion to assess whether defendant will comply with conditions of release is behavior when previously released on judicial supervision). His behavior just this year is more of the same. He was placed on probation in March and, while on probation, was arrested for assaulting a woman; according to the government he called her a bitch, slapped her and split her lip. His probation

4

revoked, he went to jail, and got released on November 17, 2006. Less than a month later, he committed the offense charged in this case. Given this horrible history, I have no confidence that he would comply with the conditions of release that I would set. I, therefore, conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that he would not commit new crimes if released and that he should be detained pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: 1/04/07