UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 06-367(RMC) |
| | : | |
| ALONZO McDUFFIE | : | |

DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER

Pursuant to the provisions of 18 U.S.C. §3145, and F.R.Cr.P. 47 and L. Cr. R. 47, defendant Alonzo McDuffie, by his attorney, Gary M. Sidell, hereby submits his motion for review of detention order.  See docket #5, January 4, 2007.  As grounds for his motion, Mr. McDuffie states the following:

1. Mr. McDuffie turned 28 years old two (2) days before the current charges.

2. Mr. McDuffie has been detained with no bond since his arrest in this case, December 27, 2006.[1]

---

[1] On December 16, 2006, Mr. McDuffie was arrested by the Metropolitan Police Department ("MPD") and, later that same day, presented on a Complaint in the Superior Court which charged him with the sole local offense of carrying a pistol without a license ("CPWL") for the alleged violation of District of Columbia Code 22-4504(a)(2001 ed.).  Nine (9) days later, Mr. McDuffie's Superior Court case graduated to this Honorable Court by way of the two (2) count indictment, referred to in paragraph 3.

3. On December 19, 2006, Mr. McDuffie was sole person indicted in this Honorable Court on two (2) counts: (A) possession of a firearm by one convicted of a crime punishable by imprisonment exceeding one year, in violation of 18 U.S.C. §922(g)(1), and (B) simple possession of a controlled substance (PCP), in violation of 21 U.S.C. §844(a).

4. On December 27, 2006, Mr. McDuffie had his Initial Appearance in this Honorable Court and was, at that time, ordered detained until the following day when a Detention Hearing was scheduled.

5. On December 28, 2006, after a prosecutorial proffer, Mr. McDuffie was ordered detained without bond by the Honorable John M. Facciola. Magistrate Judge Facciola's decision was predicated on the following:

    (A) The weapons charge, since "Congress has now made the weapon offense . . . . a detainable offense." (nature and circumstances of charged offense)

    (B) "Defendant resides with his brother in Washington, D.C. and is unemployed." (Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in community)

    (C) "Certain police officers saw the defendant with a gun in his hand. Other officers found the gun in the building the defendant had just entered and the first set of officers then identified the defendant as the man they saw with the gun moments earlier." (weight of evidence)

    (D) "The defendant tested positive for phencyclidine." (drug/alcohol abuse)

    (E) The defendant's prior criminal record including seven (7) misdemeanors

and one felony.

6.     On January 4, 2007, the Honorable Magistrate Judge John M. Facciola filed his Detention Memorandum listing his justifications, above, for holding Mr. McDuffie with no bond in this case.  The sole basis on which the original detention decision was made, as stated in this Memorandum, was ". . . a recent amendment to the Bail Reform Act that permits a defendant charged with possession of a firearm by a felon to be detained."  See, Docket # 5 @ 2.  Mr. McDuffie submits that the factors found, and the conclusions reached, do not support his detention with no bond until trial, but rather support his release on conditions.

7.     In reviewing a detention decision, this Honorable Court is entitled to makes its own independent conclusions while reviewing the Magistrate Judge's decision de novo.  See, United States v. Leon, 766 F.2d 77 (2d Cir. 1985); United States v. Daniels, 772 F.2d 382 (7th Cir. 1985), cert. denied, 498 U.S. 981 (1990).  While such a standard of review does not require that another hearing be conducted, unless this Honorable Court so chooses, review of the prior determination must be made without limitation to the earlier findings.

8.     Recently, the Bail Reform Act was amended when detention with no bond is sought to include the following new provision, 18 U.S.C. §3142(f)(1)(E):

> any felony that is not otherwise a crime of violence that involves . . . the

possession or use of a firearm or destructive device (as those terms are defined in section 921 [18 U.S.C. §921]). . . .

It is, apparently, this provision which supports the initial decision to detain Mr. McDuffie without bond.  See, docket #5 @ page 2.   While Mr. McDuffie has been indicted on an alleged

violation of 18 U.S.C. §922(g)(1)(a simple possessory offense, not a crime of violence, see, 18 U.S.C. §3156(a)(4)),  he suggests that those factors found, as detailed above at paragraph 5, do not support the detention decision. Indeed, they support a decision to release Mr. McDuffie on his promise to return to court for further proceedings, in addition to assuring the safety of the community.

9.      While the conclusion that "Congress has now made the weapon offense charged in this case a detainable offense," there is, at best, only a rebuttable presumption of detention, not a requirement to do so.  Mr. McDuffie submits that the rationale for amendment of the Bail Reform Act to include the use of firearms is the enhanced likelihood of danger to the community necessarily involved.  However, the charges brought in this case are only possessory offenses and, indeed, the second offense, simple possession of a controlled substance, is one not involving any other person, e.g., the community.  Hence, the modification of the Bail statute would appear not to support detention without bond in this particular case involving, as it does, two (2) possessory offenses one of which is the simple possession, presumably for individual use, of a controlled substance.  Certainly, the sole statement of Congressional amendment of the Bail statute cannot become a substitute for the "nature and circumstances" of charged offenses, with a further direction that if a crime of violence is involved, detention is more readily available.

10.     Similarly, the purported support for the second group of characteristics addressed in the Detention Memorandum, the defendant's character, physical and mental condition, etc., see, docket #5 @ 3,  actually supports release rather than detention. That sole conclusion is "Defendant resides with his brother in Washington, D.C. and is unemployed." This establishes

4

that Mr. McDuffie has family ties in the immediate area, somewhere locally at which to live and is in financial distress. Indeed, the Pre-Trial Services Agency ("PSA") report of December 26, 2006, further supports this conclusion by adding that Mr. McDuffie is a life long resident of the District of Columbia area and has lived with his brother, at 4813 Texas Avenue, SE, apartment 101, for the past three (3) years. Mr. McDuffie's brother verified this information for PSA when contacted on December 16, 2006. Additionally, Mr. McDuffie's indigency, by his lack of current employment, may not be held against him for purposes of detention. ". . . [A] financial condition that results in the pretrial detention of the person. . . ." may not be imposed. 18 U.S.C. §3142(c)(2).

11.     The next factor included in the Detention Memorandum is an evaluation of the weight of the evidence against Mr. McDuffie. The proffered support for this conclusion is that one group of police offices, at night, claim to have observed Mr. McDuffie, wearing dark clothing, at an unspecified distance, in possession of a gun in his hand while walking on the street. Different police officers find a gun, located underneath a door mat in front of a third floor apartment in a three story building, while Mr. McDuffie is located on the second floor of that building. Later and at an unspecified time, after his arrest, the first group of police officers purportedly identifies Mr. McDuffie as the same person observed earlier as the man seen on the street with the same gun. These conclusory statements are contradicted by the underlying facts. According to discovery information provided, and in particular, a PD 81 property report and PD 163 report/Gerstein affidavit, a "dark" colored gun was observed by the first group of police officers. However, a further police report, PD 251, at #59, #61, Part III-Property, and handwritten officer notes, state that the gun was "silver" in color. Both officers completing these various reports and notes were in the chain of custody, as reported, for seizure and preservation

5

of the gun. Indeed, these officers were successive individuals in the chain of custody for the gun. Clearly, silver is not a color which is susceptible to description as a "dark" color, particularly at nighttime when the sun is down, e.g., 11:45 p.m. Hence, the underlying facts do not support, but indeed contradict, the bare-bones conclusion included in the detention Memorandum which forms the basis for Mr. McDuffie's current detention.

    12.    Finally, Mr. McDuffie notes that his prior criminal record was incorporated in the Detention Memorandum as support for the conclusion that he will not return for further court proceedings. See, Memorandum @ page 3. Mr. McDuffie has eight (8) prior convictions all but one of which are for misdemeanor offenses. The exception is for a possession with intent to distribute cocaine charge nearly eight (8) years old. While Mr. McDuffie readily concedes that he has two (2) misdemeanor convictions in the local court for Bail Reform Act violations, both involved 90 day sentences imposed almost exactly six (6) years ago, on March 29, 2001. The conduct underlying those convictions occurred in July and December, 2000, respectively. More importantly, however, is the fact that Mr. McDuffie was involved with two (2) additional cases after his Bail Reform Act convictions occurred. Because he had learned his lesson about his responsibility for attending court proceedings, Mr. McDuffie did not acquire further Bail Reform Act charges, but attended his court proceedings. See, Detention Memoradum @ 3-4; Superior Court cases 2006-DVM-1425 (file date 6/28/06)(simple assault) and 2006-CMD-5796 (file date 3/25/06)(simple possession of cocaine). Hence, Mr. McDuffie submits that his Bail Reform Act convictions from 2000 do not support the conclusion that, if released, he will not return to court for further proceedings here.

    In sum, Mr. McDuffie submits that he should be permitted to be released where he would resume residence with his brother at his Texas Avenue, SE home, that he be required to report in

person to the Pretrial Services Agency weekly as specified by this Honorable Court with telephone contact with that office an additional number of times per week and that he be required to obtain some form of employment for the duration of this proceeding, as well as any other conditions which this Honorable Court deems suitable.

                                                Respectfully submitted,

                                                _____
                                                Gary M. Sidell
                                                1101 Connecticut Ave., NW
                                                Suite 1000
                                                Washington, D.C. 20036
                                                D.C. Bar No. 961847
                                                202-783-0060
                                                suitcase@erols.com
                                                Attorney for Alonzo McDuffie

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be served by ECF on all parties to this case this 13th of March, 2007.

                                                _____
                                                Gary M. Sidell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :
        V.                      :       Criminal No.06-367 (RMC)
                                :
ALONZO McDUFFIE                 :

O R D E R

Upon consideration of the defendant's Motion for Review of Detention Order, the entire record of this proceeding and the response of the United States Attorney for this jurisdiction, it is this _____ day of _____, 2007 hereby

ORDERED, that the Motion for Review of Detention Order is GRANTED, and it is further

ORDERED, that the defendant shall be released on the following additional release conditions beyond those normally imposed:

   1)   The defendant shall reside with his brother at 2813 Texas Ave., NSE, Apartmetn 101, in Washington, D.C., for the duration of this case or, if he relocates, must provide his new address within twenty-four (24) hours to the Pre-trial Services Agency;

   2)   The defendant shall report in person _____ times per week to the Pre-Trial Services Agency;

   3)   The defendant shall report by telephone _____ times per week to the Pre-Trial Services Agency,

4) The defendant shall locate and maintain some form of gainful employment within two (2) weeks of his release and shall inform the Pre-Trial Services Agency of the name and telephone number of that employer/supervisor for verification and periodic reports;

5) The defendant shall participate in periodic drug testing, as determined by the Pre-Trial Services Agency and, as a result of that period drug testing, shall avoid all use of any controlled or illegal substances;

6) That defendant shall be subject to any evening curfew, as determined by the Pre-Trial Services Agency; and

7) That the defendant shall return to court in a timely manner for all future proceedings in this case.

_____
ROSEMARY M. COLLYER, Judge
United States District Court

Copies:

Gary M. Sidell, Esq.
suitcase@erols.com
Attorney for Alonzo McDuffie


Nancy Jackson, Esq.
Nancy.Jackson@usdoj.gov
Assistant United States Attorney